KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone:  (480) 306-5977
Facsimile:  (602) 626-3504
kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Jamie Whitlock

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamie Whitlock, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Tate & Kirlin Associates, Inc.; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiff, Jamie Whitlock, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Jamie Whitlock (hereafter "Plaintiff"), is an adult individual residing in Mesa, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Tate & Kirlin Associates, Inc. (hereafter "Tate"), is a Pennsylvania business entity with an address of 2810 Southampton Road, Philadelphia PA 19154, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Tate and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Tate at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Tate for collection, or Tate was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Tate Engages in Harassment and Abusive Tactics

12. Tate called Plaintiff and misled her into believing that it was collecting a Debt for her student loan company.

3

13. Based upon Tate's miscommunications, Plaintiff reached an arrangement to pay the Debt with Tate in which Tate would automatically withdraw $50.00 a month from Plaintiff's bank account.

14. For the past three (3) months Tate has automatically withdrawn funds from Plaintiff's bank account.

15. Since making the arrangement, Plaintiff has learned that the Debt Tate is collecting on is actually a Debt allegedly owed to the University of Phoenix.

16. Had Tate been forthright about the Debt, Plaintiff would not have authorized withdrawals from her bank account to the University of Phoenix, because the University of Phoenix was paid in full for any tuition she may have owed them years ago through her student loan(s).

17. Although Tate is withdrawing money monthly from Plaintiff's account, Tate has continued to place approximately three (3) calls a week to Plaintiff in an attempt to collect the Debt.

18. Further, on April 4, 2011, Tate placed a call to Plaintiff's cellular telephone at 5:10a.m. in an attempt to collect the Debt.

19. Tate promised to send Plaintiff written notification five (5) days prior to each automatic withdrawal from Plaintiff's bank account. However, Plaintiff has received each of these written notifications approximately one (1) week after Tate had already withdrawn funds from her bank account.

4

C. **Plaintiff Suffered Actual Damages**

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m., in violation of 15 U.S.C. § 1692c(a)(1).

25. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

5

26. The Defendants misrepresented the character, amount and legal status of the debt in violation of 15 U.S.C. § 1692e(2).

27. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

28. The Defendants attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

29. The Defendants applied payments to a debt that was disputed, in violation of 15 U.S.C. § 1692h.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

   A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

   B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

   C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

E. Punitive damages; and

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  April 21, 2011                         LEMBERG & ASSOCIATES, LLC


By: ___*/s/  Kindra Deneau*___
Kindra Deneau

Attorney for Plaintiff
Jamie Whitlock